## SUPREME COURT.

### MERRITT agt. BAKER.

*Judgments by confession*, drawn up by the plaintiff, when the defendant has no adviser, must be carefully watched by the court, that they be not used to oppress unwary defendants.

Whether *affidavits* in reference to the *credibility* of a party, can be received on a motion is *questionable*. If ever received, it should be with an opportunity to produce counter-affidavits.

The execution in this case was issued against the defendant immediately after the confession of judgment. The defendant said the plaintiff was to give him a written stipulation to wait three years before issuing it. The plaintiff denied this. *Held*, that the evidence was overwhelming in favor of the defendant. Execution set aside, with $10 costs.

*New-York Special Term, Sept.*, 1854.

MOTION to set aside execution for irregularity.

—— —— *for motion.*
—— —— *opposed.*

MITCHELL, Justice. On the 2d of August, instant, the defendant confessed judgment to the plaintiff for about $800, and on the next day, the plaintiff issued execution, and levied on the defendant's goods. The defendant moves to set aside the execution, alleging that the judgment was confessed on a stipulation that execution should be stayed for three years, if the interest should be paid. This agreement the plaintiff denies. About $600 of the debt was secured by a mortgage, which was under foreclosure, and as to which there was a controversy, and the cause was at issue—not yet reached on the calendar. The rest of the debt was principally for rent due. The defendant thus had the means of delaying the plaintiff as to three-fourths of the debt. Some motive must have been presented to him to abandon this advantage, and confess a litigated claim to the plaintiff.

The plaintiff states none, and would make out that, at his request, and without any benefit to the defendant, the defendant, as soon as called on, agreed to confess judgment for the disputed mortgage debt, and the unliquidated demand for rent. This is hardly credible, while the defendant's statement is altogether probable, and according to the common course of such transactions.

The defendant also states all the particulars of the manner in which the plaintiff made the promise; of his repeating it at the commissioner's office; of his excuse for not complying with it— (because it was late)—when leaving that office; of the defendant calling on him again at his house on the same evening, and the repetition there of the promise that the stipulation should be given the next day punctually at 9 A. M.; of the defendant's attendance punctually at that time, and the plaintiff's omission then to attend; of the defendant's calling at the office of the plaintiff's attorney, to find the plaintiff and get the stipulation; and of his return there some few hours afterwards, when, to his surprise, he had found that the sheriff had levied on his goods, and his prompt appeal to the plaintiff's counsel to go to the plaintiff and get the matter righted—no one *particular* of which is denied. The plaintiff contenting himself with the general denial, that he ever agreed to stipulate to wait three years. This also makes the plaintiff's statement less reliable. The declarations of the defendant, as to the agreement, made promptly to the plaintiff's counsel, and within less than thirty-six hours after the agreement was made, (although not such evidence as would be admissible before a jury,) are entitled to weight where the parties themselves are witnesses, and the *court* is to judge of the whole matter.

Judgments by confession, drawn up by the plaintiff, when the defendant has no adviser, must be carefully watched by the court, that they be not used to oppress unwary defendants.

The judgment, as well as the execution, may be set aside, if the plaintiff so elects: at all events, the execution must be set aside, with $10 costs, and the plaintiff to pay the sheriff's fees;

and if the plaintiff wishes the judgment to stand, he must execute a stipulation, such as is stated in the defendant's affidavit.

On the application of the plaintiff, the motion has been reheard on papers submitted. Those papers make little change in the aspect of the case as before presented, except in relation to the credibility of the defendant. Whether such affidavits are ever to be received on a motion is questionable. If ever received, it should be with an opportunity to the party to produce counter-affidavits. That is done in this case, and the preponderance is overwhelming in favor of the defendant.

The defendant's statement is also confirmed by the affidavit of Mr. York, his counsel, who shows that Baker advised with him before judgment was confessed, and then told him that the plaintiff agreed to suspend execution for three years.

There is no reason for changing the opinion before expressed, and an order may be entered pursuant to it.